UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCEL E. CHAPMAN,

Plaintiff,

v.

DOUG RICHARDSON, et al.,

Defendants.

Case No. 22-cv-01446-HSG

**ORDER TO SHOW CAUSE**

Plaintiff, an inmate at Maguire Correctional Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a
6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
7   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
8   U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants San Mateo County, San Mateo Sheriff's Office sergeant Doug Richardson, and San Mateo Correctional Health Services medical staff Amanda, who is either a nurse practitioner or a doctor.  The complaint makes the following allegations.  On June 28, 2019, Plaintiff was issued a medical chrono for medically appropriate footwear due to his prior broken toe and nerve damage.  The chrono is valid for the duration of his stay at Maguire Correctional Facility.  Defendant Richardson has imposed a facility-wide rule, prohibiting the use of such footwear.  On December 7, 2021, defendant Richardson forced defendant Amanda and other medical staff to provide him with Plaintiff's confidential medical file without obtaining prior authorization from Plaintiff, and also forced defendant Amanda to seize Plaintiff's medically appropriate footwear.  Without his footwear, Plaintiff suffers great pain and requires pain medication to manage the pain.  The San Mateo County Board of Supervisors and San Mateo County Sheriff's Department denied Plaintiff's claim regarding this issue.  Plaintiff alleges that Defendants have violated his rights under the Eighth Amendment. *See generally* Dkt. No. 1.

**C.     Order to Show Cause**

This action may be subject to dismissal because it appears duplicative of a prior action filed by Plaintiff, C No. 21-cv-9038, *Chapman v. Richardson, et al.* ("*Chapman I*"), and the claims appear to be unexhausted.

**1.     Duplicative Litigation**

Duplicative or repetitious litigation of virtually identical causes of action is subject to

1 dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under Section 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.

The claims raised in this action appear to be the same as the claims raised in the first amended complaint in *Chapman I*. In *Chapman I*, the initial complaint alleged, among other things, that Richardson had denied Plaintiff his medically authorized and medically required footwear. *Chapman I*, Dkt. No. 1 at 5-6. The first amended complaint also made similar allegations, this time specifying that Richardson seized the shoes on December 2, 2021. *Chapman I*, Dkt. No. 14. Plaintiff has since filed another amended complaint in *Chapman I*, which only raises a claim about his inability to receive mail. *Chapman I*, Dkt. No. 16. The Court has ordered Plaintiff to identify the operative complaint in *Chapman I*. *Chapman I*, Dkt. No. 17. This action appears to be duplicative of *Chapman I*. If so, the Court would be required to dismiss this action as duplicative.

## 2. PLRA's Exhaustion Requirement

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before prisoner sends complaint to court it will be dismissed even if exhaustion is completed by time complaint is actually filed). But a prisoner satisfies the exhaustion requirement as long as he exhausted his administrative remedies prior to filing an amended complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (new claims

raised in amended complaint exhausted when exhausted prior to filing of amended complaint).

Plaintiff acknowledges in his complaint that he has not exhausted his administrative remedies with respect to this claim. Dkt. No. 1 at 1-2. He claims that he did not exhaust because he feared that he would be retaliated against for using the grievance system. Dkt. No. 1. An inmate may be excused from the exhaustion requirement if prison officials make the grievance system unavailable to him, including "when prison administrators thwart inmates from taking advantage of a grievance process through . . . intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016). Here, however, the exhibits to the complaint contradict Plaintiff's claim that he reasonably believed that he was unable to use the grievance system. Plaintiff filed a claim with the County of San Mateo on November 8, 2021, and a grievance on December 9, 2021. Dkt. No. 1 at 14, 17. Plaintiff filed *Chapman I* on November 22, 2021, and filed a different lawsuit on February 8, 2022, C No. 22-cv-00808 HSG, *Chapman v. Bolanos, et al.* If Plaintiff's claims are unexhausted, the Court is required to dismiss this complaint without prejudice for failure to exhaust administrative remedies.

### 3. Order to Show Cause

Within twenty-eight (28) days of the date of this order, Plaintiff is ordered to show cause why this action should not (1) be dismissed with prejudice as duplicative of *Chapman I*, and (2) be dismissed without prejudice for failure to exhaust administrative remedies.

### CONCLUSION

For the reasons set forth above, the Court orders Plaintiff to show cause, within **twenty-eight (28) days** of the date of this order, why this action should not (1) be dismissed with prejudice as duplicative of *Chapman I*, and (2) be dismissed without prejudice for failure to exhaust administrative remedies. Failure to respond in the time provided will result in dismissal of this action without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated: 4/11/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

4