UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL E. CHAPMAN,<br>　　　　Plaintiff,<br>　　v.<br>DOUG RICHARDSON, et al.,<br>　　　　Defendants. | Case No. 22-cv-01446-HSG<br>**ORDER REQUIRING RESPONSE FROM PLAINTIFF**<br>Re: Dkt. No. 6 |

Plaintiff, an inmate at Maguire Correctional Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.

On April 11, 2022, the Court screened the complaint, noting that the complaint names as defendants San Mateo County, San Mateo Sheriff's Office sergeant Doug Richardson, and San Mateo Correctional Health Services medical staff Amanda, who is either a nurse practitioner or a doctor, and that the complaint alleges that these Defendants violated his Eighth Amendment rights when (1) Defendant Richardson imposed a facility-wide rule, prohibiting the use of the footwear for which Plaintiff has been medically approved and requires to address his prior broken toe and nerve damage; (2) defendant Richardson forced defendant Amanda and other medical staff, on December 7, 2021, to provide defendant Richardson with Plaintiff's confidential medical file without obtaining prior authorization from Plaintiff, and also forced defendant Amanda to seize Plaintiff's medically appropriate footwear; and (3) the San Mateo County Board of Supervisors and San Mateo County Sheriff's Department denied Plaintiff's claim regarding this issue. *See generally* Dkt. No. 1; Dkt. No. 4. The Court did not make any determination as to whether these allegations stated cognizable claims for relief. The Court ordered Plaintiff to show cause as to why this action should not be dismissed as duplicative of C No. 21-cv-9038 JST, *Chapman v. Richardson, et al.* ("*Chapman I*"), or for failure to

exhaust.  *See* Dkt. No. 4.

In Plaintiff's response to the Court's order to show cause, he states that this action is no longer duplicative of *Chapman I* because he has filed an amended complaint in *Chapman I* that only alleges a First Amendment violation, and that Exhibit 4 to the operative complaint in this action (Dkt. No. 1) shows that he has exhausted his administrative remedies with respect to this action.  The Court agrees that the allegations in the operative complaint are not duplicative of *Chapman I* and that Plaintiff has sufficiently alleged exhaustion of administrative remedies at this stage.  However, Plaintiff requests the Court "strike all prior claims regarding Violation of Eigth (sic) Amendment violation," and "consider only the filed Patition (sic) with the Case No. 22-cv-01445 HSG with its attached exhibits."  Dkt. No. 6.  The operative complaint (Dkt. No. 1) only states an Eighth Amendment claim.  *See* Dkt. No. 1; Dkt. No. 4.  If the Court grants the motion to strike, there will be no legal claims left in the operative complaint.  Accordingly, the Court orders as follows.  Within twenty-eight (28) days of the date of this order, Plaintiff shall inform the Court whether he wishes to (1) strike the Eighth Amendment claims set forth in the operative complaint, which would result in this action being dismissed as there would be no more legal claims in this action, or (2) withdraw the motion to strike and proceed with the operative complaint docketed at Dkt. No. 1.  If Plaintiff chooses the first option, the Court will strike the operative complaint and Plaintiff may file an amended complaint to present the non-Eighth Amendment legal claims that he wishes to pursue in this action.  If Plaintiff chooses the second option, the Court will screen the operative complaint for cognizable claims.

**IT IS SO ORDERED.**

Dated: 4/29/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge